## Case No. 1,988.

BROWN et al. v. The ALEXANDER Mc-NEIL.

[20 Int. Rev. Rec. 176.]

District Court, S. D. Georgia. Aug. Term, 1874.

SEAMEN—PROTECTION—SUBSISTENCE.

[Seamen compelled to supply themselves with board have a lien against the vessel for the expenses thereof.]

[See Miller v. Kelly, Case No. 9,577; The Gazelle, Id. 5,289; The Elizabeth Frith, Id. 4,361; Johnson v. Huckins, Id. 7,390.]

[In admiralty. Libel by John Brown, James Nicholson, Gregorious Kauffman, and others against the bark Alexander McNeil for wages and expenses of board. Schuchardt & Son, mortgagees, intervene, and oppose the claims. Decree for libellants.]

Isaac Beckett, for libellants.

Jackson, Lawton & Basinger, for interveners.

ERSKINE, District Judge. This libel or petition for wages, and also for expenses of board, was exhibited by eleven mariners against the bark Alexander McNeil, her tackle, etc., of and belonging to the city of New York. Previous to the filing of the libel, the bark had been sold by process of this court, and the purchase money lodged in the .registry; so the suit is necessarily against the proceeds. No objection from any quarter was made to any of the sums demanded for wages, and, satisfactory proof of each claim having been made to the court, it is considered and decreed that each of the libellants be allowed and be paid by the clerk, out of the money which arose from the sale of the bark, the sum of money noted and placed opposite his name in the schedule of accounts hereto attached. But, as to the expenses of board, proctors for certain interveners, Frederick Schuchardt and Sons, of New York, who by intervention and claim are before the court, alleging themselves to be mortgagees of the bark (but upon the validity of which claim I will not anticipate any opinion), objected, on the ground that such charges ought not to be allowed to libellants. No authority was read or referred to in support of the objection, nor have I seen any that positively controls the question, though the case of The Gazelle [Case No. 5,289], decided in 1858, is closely akin in principle. It was the case of a Nova Scotia schooner, which was seized in the port of Boston, and the seamen remained by her until she was sold by the sheriff, and afterwards they were compelled to obtain their food at their own expense, the owner having made no provision for their subsistence. They exhibited their libel, and the court awarded them the expense of board at the rate of $3.50 per week from the time of the sale, which took place about a month previously, and also allowed each of them $10 for expenses in returning home.

The evidence here shows that the libellants were regularly shipped for the bark; that they did duty on board of her from time to time until her seizure by the marshal on the 21st of July, on which day, or a very few days afterward, they were discharged by the master, who in his deposition says that "all of them were at all times subject to his orders." When they first went on board, he told them that they had better stay on shore, as it was summer time, and he would pay their board. This he neglected to do, and the men paid it themselves. If they were entitled to wages up to the time of the seizure by the marshal, then, with equal force and justice, a like rule, with the facts adduced in this case, before the mind, ought to be applied to their expenses of board, if there be no principle in the law maritime to inhibit it, and I know of none. Where a court of admiralty can take cognizance of the principal thing, it has also of the incident, though the incident would not, if standing alone, be within the jurisdiction. Now, marking, in a legal as well as in a moral sense, the relation that exists between the hired mariner and his ship, if expenses of board or subsistence are not synonymous in meaning with wages, may they not well be deemed the complement of wages, or an inherent incident, and as much entitled to protection as the principal? There is no evidence whatever that the owner or master provided food for these people on board the bark. Then, if they themselves, by the order or implied permission of the master, obtained it on shore while they were attached to the vessel, surely it would be against common justice to deny to them a reasonable compensation for subsistence. But although I think they are entitled to expenses of board, still I decline to allow $9.00 a week, the amount claimed; such claim is unreasonable, and to sanction it would be setting a vicious precedent. In the case of The Gazelle, supra, Sprague, J. awarded $3.50 per week; but, taking into consideration the increase in the price of the necessaries of life since. that time, I allow to each $6.00 a week and no more. It is, therefore, adjudged and decreed by the court, that each libellant be allowed for expenses of board at the rate of $6.00 per week, and that the several sums of money so decreed, and which are placed opposite the names of the parties, in the appended

account, be paid to them by the clerk from the bark's proceeds in the registry; and that they have interest from the filing of the libel computed, and their costs taxed by the clerk.